# UNITED STATES DISTRICT COURT

__EASTERN__ District of __MISSOURI__

UNITED STATES OF AMERICA

v. **ORDER OF DETENTION PENDING TRIAL**

__JASON JOHN RAMIREZ__ Case Number: 1:07CR 64 ERW

*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. § 841(b)(1)(B)(viii)__.
  ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the release of the defendant on bond would constitute a danger to the community. The court further finds by a preponderance of the evidence that the release of the defendant on bond would present a risk of non-appearance. Defendant poses a danger to the community and a risk of non-appearance if released for the following reasons: SEE ATTACHED PAGES.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__July 10, 2007__ _[signature]_
Date Signature of Judicial Officer

LEWIS M. BLANTON, UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

The information and facts contained in the Pretrial Services Report concerning Defendant Jason John Ramirez are adopted and incorporated herein by reference.

Danger to the community:

Defendant is charged with Possession with Intent to Distribute 5 Grams or More of Methamphetamine.

The grand jury, by indicting the defendant, has found probable cause that the defendant committed an offense that triggers the rebuttable presumption under Title 18 U.S.C. § 3142(e), that if released, the defendant would present a danger to the community and a risk of flight. United States v. Payne, 660 F.Supp. 288, 291 (E.D.Mo. 1987); United States v. Hernandez, 939 F.Supp. 108 (D.P.R. 1996); United States v. Garcia, 801 F.Supp. 258, 261 (S.D. Iowa 1992). That presumption has not been rebutted.

Special Agent Bernie J. Gard of the DEA, in his Affidavit, states that on May 19, 2000, the defendant was convicted in the United States District Court for the Eastern District of Missouri of Conspiracy to Manufacture Methamphetamine. He was sentenced to sixty months in the Bureau of Prisons with sixty months supervised release to follow upon his completion of his incarceration. In February of 2004, the defendant was released on a special parole and supervised by the Probation Office in the Eastern District of Arkansas. Approximately one year later, on February 17, 2005, the defendant's supervised release was revoked for illegal drug use detected by urinalysis. He was sentenced to the Bureau of Prisons for a term of six months. In August of 2005, he was placed on supervised release for a period of three years.

On November 12, 2006, in Dunklin County, Missouri, the defendant was arrested after a traffic stop for Driving While Suspended. According to the affidavit of Agent Gard, the defendant verbally consented to a search of the car he was driving in which were found four ounces of methamphetamine allegedly in a compartment behind the glove compartment.

The next month, in December, 2006, the defendant was charged with Domestic Battery in Piggott, Arkansas. He received a court date of December 19, 2006. On December 18th, he was contacted by United States Marshal Bob Clark of Little Rock, Arkansas, who informed him that there was pending a supervised release warrant for him. The Petition for Revocation of his Supervised Release had grown out of the incident which occurred in Kennett, Missouri, in Dunklin County on November 12, 2006, and also from the Domestic Battery, which occurred in December, 2006. According to the affidavit of Agent Gard, the defendant promised to turn himself in at the United States Marshal's Office, but he failed to appear. He also failed to appear in state court on December 19, 2006, and a state warrant was issued.

Paragraph 6 of Agent Gard's affidavit outlines what happened on January 4, 2007, when members of the Poplar Bluff Police Department received information that Mr. Ramirez had an outstanding felony arrest warrant and could be located at the Holiday Inn Express in Poplar Bluff. Officers learned what room Mr. Ramirez was occupying and placed surveillance on the room. When they heard movement within the room, a SEMO Drug Task Force Officer knocked on the door, identified himself and requested that the door be opened. A voice within the room said that the person within could not open the door because it was not his room. Officers ordered the man to open the door or it would be forced open. The man on the inside indicated that he was going out the window. The officers entered the room and Mr. Ramirez was observed attempting to go out the

window. Mr. Ramirez was removed from the window and, according to Agent Gard's affidavit, resisted arrest. The officers then utilized a Tazer to bring Mr. Ramirez under control. Several glass smoking pipes were seized that had suspected methamphetamine residue on them. On January 30, 2007, Mr. Ramirez's supervised release status was revoked and he was sentenced to eighteen months incarceration.

There is no question that illegal drug manufacturing and trafficking are most serious dangers to any community. Methamphetamine is a strongly addictive and destructive drug. The danger of drug trafficking was specifically recognized in the Eighth Circuit case of United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986), in which the Court of Appeals affirmed an order detaining the defendant pending trial. Its conclusion that the defendant should be detained was explained in the following terms:

> This determination is not based on any possession or use of weapons by Sazenski, except insofar as it may relate to his revocation of probation some years ago. Instead, we recognize the congressional determination that large scale drug trafficking is a serious danger to the community and that a drug network has the ability to continue to function while one of its members awaits trial. See United States v. Portes, 786 F.2d 758, 765 (7th Cir. 1985). We further recognize that either danger to the community or risk of flight is sufficient to authorize detention. Id.; United States v. Jessup, 757 F.2d 378, 385 (1st Cir. 1985); see also United States v. Warren, 787 F.2d 1237,1238 (8th Cir. 1986).

Methamphetamine seems to have taken the drug culture by storm in this area and in the whole Midwest. The agents of the Drug Enforcement Administration, the FBI, the U. S. Attorney's Office and the courts all have had substantial experience in dealing with the methamphetamine problem. The danger of methamphetamine comes not only from its serious effects upon users and consequently upon the community, but the components of methamphetamine are dangerous to handle in themselves and have caused explosions and fires. Innocent persons, including children, have been

seriously injured during the manufacturing process. Finally, the remains from the clandestine manufacture of methamphetamine constitute environmental pollution and further danger to the community. Special equipment and safety precautions are often required of those whose duty it is to clean up what the methamphetamine manufacturers leave behind.

It is clear to the court that Mr. Ramirez is not amenable to following conditions of supervision were he to be released on bond.

The defendant has been dealing in illegal drugs since his first felony conviction in May of 2000.

The court finds the release of the defendant on bail would be a danger to the community.

Risk of non-appearance:

The information in Agent Gard's affidavit, much of it previously referred to, indicates that the likelihood is that the defendant would not appear for court or surrender for service of a sentence if convicted. The defendant's special parole was revoked in 2005 because of alleged illegal drug use. Allegedly, on November 12, 2006, the defendant was found to be in possession of four ounces of suspected methamphetamine.

After the United States Marshal of Little Rock, Arkansas, gave the defendant the courtesy of informing him that he could turn himself in on a warrant for supervised release violations and the defendant agreed to turn himself in, he failed to do so. He also failed to appear in court on December 19th in connection with the Domestic Battery case. It was not until January 4, 2007, that the defendant was arrested after he was reported to be in the Holiday Inn Express motel located in Poplar

Bluff and had to be arrested by force. The court has already referred to the incident where he locked himself in the motel room, refused to open the door and then tried to escape through a window. The defendant resisted arrest and had to be tazed. Again, he was found in possession of smoking pipes with methamphetamine residue.

The court finds the release of the defendant on bail would involve a risk of non-appearance.

Based on the foregoing, the court finds that no condition or combination of conditions will reasonably assure the safety of the community and the defendant's appearance as required were he to be released on bail.

In reaching its decision, the court has considered the Report of the Pretrial Services Officer of the Eastern District of Missouri, the Affidavit of Special Agent Bernie J. Gard, the factors set out in Title 18 § 3142(g) and the argument of the parties.